UNITED STATES *v.* McBOSLEY. SAME *v.* MOORE. SAME *v.* PIERCE, (Two Cases.) SAME *v.* RITTER. SAME *v.* STOUT. SAME *v.* STOUT and another.

*(District Court, D. Indiana.* December 28, 1886.)

ELECTIONS—ILLEGAL VOTING—STATE AND NATIONAL ELECTIONS—INDICTMENT —REV. ST. U. S. § 5511.

An indictment under Rev. St. U. S. § 5511, for illegal voting or for bribery at an election for representative in congress, voted for at same time and places and upon same tickets with candidates for local or state officers, need not charge that the ballot cast contained the name of a person voted for for representative in congress, nor that the bribe was given with intent to influence the voter in respect to the congressional election.

Indictments under Rev. St. U. S. § 5511; on Motion to Quash.

*David Turpie* and *Jas. G. McNutt,* for the United States.

*Charles L. Holstein,* for defendant.

WOODS, J. The venue in each case is laid in Orange county, in the second congressional district of Indiana, and the several charges are predicated upon section 5511 of the Federal Revised Statutes; the section, so far as relevant, reading as follows:

"If, at any election for representative or delegate in congress, any person knowingly personates and votes, or attempts to vote, in the name of any other person, whether living, dead, or fictitious, or votes at a place where he may not be lawfully entitled to vote, or votes without having a lawful right to vote, or does any unlawful act to secure an opportunity to vote for himself, or any other person, or by force, threat, intimidation, bribery, reward, or offer thereof, unlawfully prevents any qualified voter of any state, or of any territory, from freely exercising the right of suffrage, or by any such means induces any voter to refuse to exercise such right, * * * he shall be punished by a fine of not more than five hundred dollars, or by imprisonment not more than three years, or by both, and shall pay the costs of the prosecution."

The substance of the charge against McBosley is that at the election for representative in congress held on the second day of November, 1886, he voted unlawfully in a township and precinct in which he had not resided long enough to be entitled to vote. Moore is charged with having unlawfully procured and advised McBosley to vote illegally. It is charged against Pierce that he prevented a voter from voting freely, in one case by paying him five dollars, and in the other case by giving him a quart of whisky, "to vote a ballot at said precinct at said election aforesaid, then and there containing the names of certain candidates for certain offices therein named, among which was the name of said Pierce, as a candidate for the office of sheriff of said county, the description of said ballot, and the names thereon, except the name of Pierce as aforesaid, being unknown to the grand jury." Ritter is charged with counseling and assisting Pierce to bribe a witness with money, as charged in the first indictment against Pierce. John Stout is charged with bribing a

v.29F.no.17—57

voter named Edmund Hammond, by paying him five dollars to cast a ballot containing the name of said Stout as a candidate for auditor of Orange county, the grand jury being uninformed in respect to other names upon the ballot. It is charged that Holliday and Amos Stout counseled and assisted John Stout to bribe Hammond.

The objection is made to each of these indictments that it does not show that the unlawful or tainted ballot contained the name of any candidate or person voted for for representative in congress, nor that the voter, by reason of the bribe, voted, or refrained from voting, or voted otherwise than without the bribe he would have voted, in respect to that office. This objection is predicated upon, but in my judgment not supported by, the proposition, if it be conceded, that the power of congress, under the fourth clause of the first article of the federal constitution, to make regulations and to declare offenses in respect to elections at which representatives in congress are voted for, is limited to such matters, acts, and conduct as do or may affect, or are designed to affect, the election of such representative, and does not extend to matters or conduct having exclusive reference to the choice of local or state officers.

When congressional and local elections are held at the same times and places, and mixed ballots are cast, as is the practice in Indiana, it is a misleading refinement, I think, to say that there are two elections—a national and a state—held at the same time. It is one election, for the conduct of which the two sovereignties have a common concern, though interested in several results, (*Ex parte Siebold*, 100 U. S. 371;) and congress having unquestionably the paramount and, when it sees fit to assert it, the exclusive power to regulate such elections, must, in the first instance at least, determine for itself what regulations are necessary or expedient; and it is not the province of the courts to restrict or annul any enactment on the subject, on the ground that it is not within the powers of congress, unless it be demonstrable that in no event, and under no circumstances, the offense defined, and coming within the letter and spirit of the enactment, could affect the election for representative in congress.

The offenses of voting illegally, and of bribery at elections, as denounced in section 5511, consist in the doing of things which are forbidden without reference to the intention of the offender; and by section 5514 it is expressly provided that, if the offense have reference to a ballot cast in a state where the names of candidates for congress and of candidates for local offices are or may be placed upon the same ticket or ballot, the proof in respect to the ballot will be *prima facie* sufficient to convict, if it be shown that the ballot was one on which the name of the candidate for congress might have been put.

It may readily be shown that illegal ballots in the boxes, even though they contain the name of no one voted for for representative in congress, especially where, as in this state, there is, and under the constitution can be, no certain means of knowing by whom a particular ballot was cast, might seriously complicate, and afford the means and opportunity for contesting, the result of a congressional election which otherwise would be undisputed. The indictment may or may not charge that the

voter cast a ballot with the name of a candidate for congress upon it; but, in case of a contested election, it would be open to question and dispute whether that ballot was cast by one person or another.

In respect to the charges of bribery, in addition to the considerations already advanced, it must be evident, on general principles, that congress has the right to forbid the presence at any federal election of all forms of force, threats, intimidation, or bribery used to prevent any qualified voter from freely exercising the right of suffrage; and where congressional elections, and elections for state and local officers, are held at the same time and places, and especially where the names of candidates for congress and candidates for local offices are put upon the same ticket, it is manifest that regulations and restrictions which permitted inquiry whether the offender in such respects intended to intimidate or influence the conduct of voters in respect to one office or candidate or another, would be inefficient, because easily evaded. Once concede that the indictment for bribery of a voter, in order to be good under the federal statute, must charge an intent to affect the congressional election, and the speedy result will be, not less bribery in respect to that election, but more likely a large increase, contrived and conducted in such way as to prevent proof of the real purpose, by pretenses of different purposes.

It may be said, however, that this is only a question of proof, and that, if the government cannot prove its case, it ought not to have it. But the point is that the law need not be—the constitution does not require it to be—so framed as to demand difficult or impossible proofs of the offense. Indeed, the definition of bribery, as contained in this statute, shows an evident design to escape such difficulties. The offense does not consist in inducing the voter, by a bribe, to vote a particular ticket, or to vote for or refrain from voting for or against a particular person or candidate; but, like force, threats, and intimidation, bribery is treated as preventing the voter from exercising freely his right of suffrage, and in this view it is evidently immaterial whether the bribe was paid for one particular purpose or another; because, on the theory of law, as well as of reason and experience, the voter who has accepted a bribe for one purpose is unfitted for, and is likely to be thereby diverted from, the right exercise of the elective franchise for every purpose.

In my judgment, therefore, it was not necessary that the indictment for illegal voting should have charged that the ballot cast contained the name of any person voted for for representative in congress; nor was it necessary that in the bribery cases it should be charged that a candidate for congress was voted for, or not voted for, nor that the bribe was given with intent to influence the voter's action in respect to congressman; and, if I am right in this, it follows that the indictment is not made bad by reason of the averments in respect to one name which the ballots are shown to have contained. Except as descriptive of the ballot, these averments would seem to be immaterial, even conceding that they warrant an inference that the alleged bribe was given for the vote for the person named.

What force the provision of section 5514 as rule of evidence at the trial may have in the way of indicating that the government's *prima facie* case may be met by countervailing evidence, and what should be deemed competent evidence in that direction, are questions not now up. The indictments I think good; and, if any of the matters urged against them are available to the defendants, it must be by way of defense, which they must bring forward. Motions overruled.